UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDWARD LANE, JR.,

    Petitioner,

v.

CASE NO. 2:18-cv-13898

HONORABLE SEAN F. COX

J.A. TERRIS,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS [1] AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Charles Edward Lane, Jr., an inmate at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. Petitioner alleges that his federal sentence was improperly enhanced under the United States Sentencing Guidelines ("U.S.S.G."). The proper remedy for Petitioner's claim is a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Accordingly, the § 2241 petition will be denied.

### I. Background

In 2006, Petitioner pleaded guilty in the United States District Court for the Southern District of Iowa to conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine. *See* 21 U.S.C. §§ 846 and 841(a)(1); *see also United States v. Lane*, No. 3:06-cr-00502 (S.D. Iowa), docket no. 65 (plea agreement) and docket no. 67 (Report and Recommendation Concerning Plea of Guilty). Petitioner was deemed a career offender under U.S.S.G. § 4B1.1 because his criminal record included a conviction for unlawful delivery of a controlled substance and Illinois state

convictions for burglary and robbery.  *See Lane v. United States*, No. 4:15-cv-00407 (S.D. Iowa), docket no. 12, pp. 2-3 (Petitioner's Reply to Government's Resistance to Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255).  On October 27, 2006, the federal trial court sentenced Petitioner to prison for 262 months.  *See United States v. Lane*, No. 3:06-cr-00502 (S.D. Iowa), docket no. 96 (Clerk's Court Minutes) and docket no. 100 (Judgment).  On April 12, 2019, the sentencing court reduced Petitioner's sentence under the First Step Act of 2018 to 188 months.  *See id.*, docket no. 238.

Meanwhile, in 2015, Petitioner filed a *pro se* "Notice of Resistance [to] the Government's Position in Doc[ument] 228."  *See Lane v. United States*, 4:15-cv-00407 (S.D. Iowa), docket no. 1.  He sought a reduction in his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act of 1984 is void for vagueness and violates the Constitution's guarantee of due process.

The federal trial court treated Petitioner's "Notice" as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Petitioner later argued through the Federal Defender's Office that he was no longer a career offender because his Illinois robbery and burglary convictions were not "crimes of violence" under the federal sentencing guidelines.  *See Lane v. United* States, 4:15-cv-00407 (S.D. Iowa), docket no. 12.  The federal district court dismissed Petitioner's motion after the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), that the federal sentencing guidelines were not subject to vagueness challenges under the Due Process Clause. *See Lane v. United States*, No. 4:15-cv-00407 (S.D. Iowa), docket no. 16 (order to show

cause why the case should not be dismissed) and docket no. 17 (text order dismissing the case because Petitioner had failed to show cause why his case should not be dismissed).

On December 14, 2018, Petitioner filed his habeas corpus petition in this case. He argues that his Illinois convictions for burglary and robbery should not have been used to enhance his sentence under U.S.S.G. § 4B1.4 because the statutory definitions for those offenses are broader than the generic definitions of burglary and robbery. The Government urges the Court to deny the petition because Petitioner is not permitted to challenge his federal sentence under 28 U.S.C. § 2241 and, even if he were, at least two of his prior convictions make him a career offender under the Sentencing Guidelines.

## II. Analysis

The primary mechanism for challenging the legality of a federal sentence is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The Court of Appeals for the Sixth Circuit affirmed this principle in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), where it explained that "[a] challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241." *Id.* at 594. A federal prisoner's challenge to his convictions or the imposition of a sentence must be filed in the sentencing court under 28 U.S.C. § 2255, whereas claims challenging the execution or manner in which a sentence is served must be filed under

28 U.S.C. § 2241 in the court having jurisdiction over the prisoner's custodian. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

Petitioner is challenging the length of his federal sentence, as opposed to the execution or manner in which he is serving his sentence. Therefore, he may proceed under § 2241 only if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), or some other exception applies to the rule barring the use of § 2241 to challenge a federal sentence.

A prisoner carries the burden of establishing that the "savings clause" of § 2255(e) applies to his petition, and " '[t]he circumstances in which § 2255 is inadequate and ineffective are narrow.' " *Hill*, 836 F.3d at 594 (quoting *Peterman*, 249 F.3d at 461). The remedy under "§ 2255 is not 'inadequate or ineffective' merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion." *Id.* (citing *Charles*, 180 F.3d at 756). Thus, § 2255 is not an inadequate or ineffective remedy simply because Petitioner has already been denied relief under § 2255.

A federal prisoner may challenge the legality of his detention under § 2241 by showing that he is actually innocent. *Id.* (citing *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)). But the Supreme Court has said "that 'actual innocence' means factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623 (1998), and Petitioner is not claiming to be actually innocent of his crime of conviction. Therefore, the actual-innocence exception to the rule barring the use of § 2241 to challenge a federal conviction or sentence does not apply here.

4

In *Hill*, the Sixth Circuit considered another basis for testing the legality of detention using the savings clause of § 2255. The Sixth Circuit held that federal prisoners may invoke the savings clause to challenge the misapplication of a sentence enhancement. *See Hill*, 836 F.3d at 598-99. The Sixth Circuit limited its decision, however, to a "narrow subset" of petitions under § 2241. *Id.* at 599. The prisoner must show that: (1) he or she was "sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005);" (2) he or she is "foreclosed from filing a successive petition under § 2255;" and (3) "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Id.* at 599-600.

Petitioner may be foreclosed from filing another motion under § 2255, but he was sentenced in 2006, which was *after* the Supreme Court published its decision in *Booker*. Furthermore, Petitioner relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016), which "has not been declared retroactive by the Supreme Court." *In Re Conzelmann*, 872 F.3d 375, 377 (6th Cir. 2017). Thus, Petitioner has not satisfied two of the conditions set forth in *Hill* for using § 2241 to challenge his federal sentence.

### III. Conclusion

For the reasons given above, Petitioner's use of § 2241 to challenge his federal sentence is improper. Accordingly, the Court denies the petition for writ of habeas corpus. The Court also denies leave to appeal this decision *in forma pauperis* because an appeal would lack merit and could not be taken in good faith. 28 U.S.C. § 1915(a)(3). In addition, Petitioner is not required to apply for a certificate of appealability if he appeals this decision, because "the statutory language imposing the

5

certificate-of-appealability requirement clearly does not extend to cases where . . . detention arose out of federal process but the proceeding is not under § 2255." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).


Dated: July 9, 2019                                         s/Sean F. Cox                    
                                                                          Sean F. Cox
                                                                          U. S. District Judge